JERRY D. WEBB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webb v. Commissioner
Docket No. 12039-92
United States Tax Court
T.C. Memo 1993-521; 1993 Tax Ct. Memo LEXIS 532; 66 T.C.M. (CCH) 1273; T.C.M. (RIA) 93521; November 15, 1993, Filed *532 Decision will be entered under Rule 155. Jerry D. Webb, pro se. For respondent: Lori M. Mersereau. CHIECHI
CHIECHI
MEMORANDUM OPINION CHIECHI, Judge: In the notice of deficiency issued to petitioner on March 6, 1992 (the notice), respondent determined the following deficiency in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Section 6651(a) [1]
Section 6654(a)
1989
$ 21,054
$ 5,230
$ 1,412
During the trial, petitioner finally decided to comply with a subpoena issued by respondent on August 27, 1993, and provided respondent with the documents subpoenaed. Based upon respondent's review of those documents, respondent advised the Court at trial that she determined that petitioner had additional income for 1989 in excess of that determined in the notice, as follows: Payor
Amount
Associated Pipeline Contractors
$ 3,310.00
GSE Construction Company
204.40
MJB
2,300.00
*533 Respondent further informed the Court that, based upon her review of those documents, petitioner was entitled for 1989 to various employee business expenses in the total amount of $ 5,411.45. At trial, respondent filed a motion for a $ 25,000 penalty under section 6673. [2]
The issues for decision are: (1) Did petitioner have income for 1989 in the amount determined by respondent in the notice? We hold that he did. (2) Did petitioner have additional income for 1989 as claimed by respondent at trial? We hold that petitioner *534 had additional income in the amount of $ 3,514.40. (3) Is petitioner's filing status for 1989 married filing separately? We hold that it is. (4) Is petitioner liable for self-employment tax for 1989? We hold that he is. (5) Is petitioner liable for the addition to tax under section 6651(a) for 1989? We hold that he is. (6) Is petitioner liable for the addition to tax under section 6654 for 1989? We hold that he is. (7) Is petitioner liable for a penalty under section 6673? We hold that he is liable for a $ 10,000 penalty. Background
Some of the facts have been stipulated and are so found. Petitioner resided in Vallejo, California, at the time he filed his petition on June 3, 1992. In determining the deficiency in the notice, respondent used information submitted to the Internal Revenue Service (the Service) by payors who filed information returns with the Service showing that they paid certain amounts to petitioner during 1989. This information is maintained by the Service on Information Returns Processing (IRP) transcripts. These IRP transcripts showed, and petitioner conceded in the stipulation of facts and at trial, that petitioner received during 1989 the following *535 amounts and types of income from the payors indicated: Payor
Income
Amount
Associated Pipeline Contractors
Compensation
$ 23,289
Gregory & Cook, Inc.
Compensation
12,250
Engineering Construction Co.
Compensation
76
Sara Construction Co.
Compensation
90
Mountain Cascade, Inc.
Nonemployee Compensation
29,028
Ghilotti Brothers, Inc.
Nonemployee Compensation
750
LLLL Construction Co.
Nonemployee Compensation
289
Engineering Construction Co.
Nonemployee Compensation
180
LLLL Construction Co.
Rent
429
LA Verissimo Construction Co.
Rent
785
Pleasanton Engineering
Contractors
Nonemployee Compensation
602
Pioneering Services
Dividends
225
TOTAL
$ 67,993
Petitioner further conceded during the trial that, in addition to the $ 23,289 in compensation that he received from Associated Pipeline Contractors listed above, he received $ 3,310 during 1989 from that company for employee equipment rental. Petitioner also admitted at trial that he received $ 204.40 during 1989 from GSE Construction Company for his services. While petitioner conceded at trial that he also received income from MJB during 1989 for services rendered, he did not remember the amount *536 of income he received, and respondent did not introduce any evidence to establish that amount. Petitioner did not file a Federal income tax return for 1989. Nor did he pay any estimated income tax for that year. The petition originally filed in this case made various allegations, many of which respondent moved to strike on the grounds that they were frivolous, immaterial, and nonjusticiable and that they did not comply with Rule 34(b)(5). The Court granted respondent's motion to strike as to those allegations. Petitioner was generally uncooperative in providing respondent with documents requested and in the stipulation process required by Rule 91. Petitioner agreed to sign the stipulation of facts only after the calendar call had ended on September 20, 1993. During the trial, petitioner agreed to provide respondent with documents subpoenaed on August 27, 1993, because of his concern that the Court would hold him in contempt. At trial, petitioner initially refused to introduce any documents or provide any testimony as to relevant facts. Instead, petitioner chose to advance arguments previously considered by this and other courts to be frivolous and groundless. For example, *537 petitioner claimed that he is not required to pay income tax because he is not a resident of the District of Columbia. He also claimed in his trial memorandum, among other things, that the notice of deficiency is arbitrary and excessive and that this Court does not have jurisdiction over his tax year 1989. Upon questioning by the Court, petitioner conceded that he received during 1989 all but one of the items of income determined by respondent. As to that one item, petitioner acknowledged that he received income from the payor in question, but stated that he could not remember the amount he received. However, petitioner persisted in advancing his position that he does not owe any tax. Discussion
As for petitioner's position that this Court does not have jurisdiction over his tax year 1989, the parties stipulated that a notice of deficiency, dated March 6, 1992, was issued to petitioner. On June 3, 1992, petitioner timely filed a petition in this Court for a redetermination of the deficiency and additions to tax in that notice. Consequently, this Court has jurisdiction over his tax year 1989. We next turn to petitioner's contention that the notice is arbitrary and excessive. *538 We hold that the notice is not arbitrary or excessive. Respondent has provided the minimal evidentiary foundation required in support of her determination of unreported income. See ; , revg. . Indeed, in the stipulation of facts and upon questioning by the Court at trial, petitioner admitted that he received during 1989 the income determined by respondent in the notice. The remaining arguments advanced by petitioner at trial and in his trial memorandum are equally groundless. For example, petitioner's contention that he is not liable for Federal income tax because he is not a resident of the District of Columbia is frivolous. Accordingly, we hold that petitioner had income for 1989 in the total amount of $ 71,507.40, which he conceded. [3] Further, in light of respondent's concession at trial, petitioner is entitled to various employee business expenses for that year in the total amount of $ 5,411.45. *539 We also conclude that petitioner has not satisfied his burden of showing that respondent is wrong in her determination that his filing status for 1989 is married filing separately. Nor has petitioner carried his burden of proving that he is not liable for self-employment tax. In fact, he conceded that $ 30,849 of the total amount of income he received during 1989 was nonemployee compensation. Finally, petitioner did not carry his burden of proof with respect to the additions to tax determined by respondent. Thus, he is liable for the additions to tax for failure to file under section 6651(a) and for failure to pay estimated tax under section 6654(a). We now turn to respondent's claim for a penalty under section 6673. Petitioner is no stranger to this Court. We previously granted respondent's motion to dismiss for lack of prosecution the case involving petitioner's tax years 1984 through 1988. We also granted in that case respondent's request to award a penalty under section 6673(a) by imposing a penalty on petitioner in the amount of $ 5,000. . The issues in that case are virtually identical to the *540 issues in the present case, and the arguments advanced by petitioner there are similar to the arguments he advances here. At the trial of the instant case, the Court asked petitioner if he was aware that the types of arguments which he was advocating had been held by the courts, including this Court in , to be frivolous or groundless. He acknowledged that he was aware of this. The Court also asked petitioner whether he was aware that, in cases where taxpayers have advanced the kinds of arguments which he was advancing in the present case, the courts have imposed a penalty under section 6673 and, in fact, this Court had imposed a penalty on him under that provision in the recently decided Webb case. Petitioner acknowledged that he was aware of this. The Court urged petitioner at the conclusion of trial to reconsider his position in the instant case because the Court was inclined to hold against him and to sustain respondent's determinations and was also inclined to impose a penalty under section 6673. Nonetheless, petitioner has refused to abandon the arguments he has been advancing in this case and has refused *541 to file a Federal income tax return for 1989, showing the income he admitted that he received during that year. The courts consistently have summarily rejected the types of frivolous and groundless claims which petitioner is advancing in this case. See, e.g., , affg. ; , affg. an Order of this Court; ; , affg. per curiam ; ; ; , affd. without published opinion . We consistently have applied section 6673 in cases where, as here, it is clear that the proceeding was instituted or maintained *542 by the taxpayer primarily for delay or that a taxpayer's position in the proceeding before this Court is frivolous or groundless. E.g., ; ; ; ; , affd. without published opinion ; , affd. without published opinion . The Court advised petitioner on at least two occasions at trial that his arguments were baseless and that the Court was inclined to impose a penalty under section 6673 if he did not agree to file a return and pay tax for 1989. Under these circumstances, we conclude that petitioner's position in this case is frivolous and groundless and that this proceeding was instituted and maintained primarily for delay. *543 Accordingly, we grant respondent's motion for a penalty under section 6673 in the amount of $ 10,000. [4]
To reflect the foregoing, An appropriate order will be issued and decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In fact, respondent filed a motion to dismiss for failure properly to prosecute and for a penalty under sec. 6673. After petitioner finally decided to provide the documentation subpoenaed by respondent and after petitioner conceded, upon questioning by the Court, that he had income during 1989, respondent moved to withdraw her motion insofar as it related to her request to dismiss for failure properly to prosecute. However, respondent maintains her request for a penalty under sec. 6673.↩
3. As to the alleged $ 2,300 in additional income from MJB, which respondent claimed for the first time at trial and as to which respondent has the burden of proof, Rule 142(a), respondent has failed to establish the amount of income received from MJB. Accordingly, no additional income will be included for 1989 relating to any payments received from MJB.↩
4. The penalty we impose here are $ 5,000 more than the penalty we awarded in , but $ 15,000 less than the penalty sought by respondent.↩